**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS CAPITAL BANK,<br><br>Defendant. | Civil Action No. 6:21-cv-1057-ADA<br><br>**JURY TRIAL DEMANDED** |

**TEXAS CAPITAL BANK'S ANSWER,
AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Texas Capital Bank ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Texas Capital Bank denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

**PARTIES**

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2. Defendant admits that Texas Capital Bank is a Texas chartered, Federal Reserve

---

[1]   For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

non-member bank headquartered at 2000 McKinney Avenue, Dallas, TX 75201. Defendant further admits that it has banking centers, including in Austin, TX and San Antonio, TX. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.      Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.      Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.      Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.      Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.      Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph

9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400.  Defendant admits that it has a banking center located at 7373 Broadway St., Suite 100, San Antonio, TX 78209, and a banking center located at 98 San Jacinto Blvd., Suite 150, Austin, TX 78701.  Defendant admits that it offers debit and credit cards. Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images.  Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## BACKGROUND

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.     Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.     Defendant states that the third-party EMVCo document, which was not appended

to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every allegation set forth therein.

20.    Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

<u>**COUNT I**</u>

<u>**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079**</u>

21.    Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.  Defendant states that the '079 Patent speaks for itself.  Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.    Defendant admits that it offers debit and credit cards, and states that its website,

including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself.  Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies each and every allegation set forth therein.

46.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 46 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies each and every other allegation set forth therein.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 59 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 59 of the Complaint.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.     Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

68.     Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017.  Defendant states that the '499 Patent speaks for itself.  Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and, therefore, denies each and every allegation set forth therein.

70.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 70 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint and, therefore, denies each and every other allegation set forth therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 82 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 82 of the Complaint.

83.     Denied.

84.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 84 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 84 of the Complaint.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 89 of the Complaint.

90.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91.    Denied.

92.    Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.    Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018.  Defendant states that the '659 Patent speaks for itself.  Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies each and every allegation set forth therein.

95.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 95 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of the Complaint and, therefore, denies each and every other allegation set forth therein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied

105.    Denied.

106.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed.   To the extent a response is required to any such allegations in Paragraph 106 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every

such allegation.  Defendant further denies each and every other allegation in Paragraph 106 of the Complaint.

107.    Denied.

108.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 108 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 108 of the Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 113 of the Complaint.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020.  Defendant states that the '454 Patent speaks for itself.  Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and, therefore, denies each and every allegation set forth therein.

119.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 119 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and, therefore, denies each and every other allegation set forth therein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 130 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 130 of the Complaint.

131. Denied.

132. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 132 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 132 of the Complaint.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 137 of the Complaint.

138.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.     Denied.

140.     Denied.

## ADDITIONAL ALLEGATIONS

141.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 141 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 141 of the Complaint.

142.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 142 of the Complaint.

143.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 143 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 143 of the Complaint.

144.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 144 of the Complaint.

145.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 145 of the Complaint.

146.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of

the Complaint.

155.    Denied.

156.    Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 156 of the Complaint.

157.    Denied.

158.    Denied.

159.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 159 of the Complaint.

160.    Denied.

## JURY DEMAND

161.    Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

162.    Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Texas Capital Bank demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.  Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

### First Affirmative Defense

1.      Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

### Second Affirmative Defense

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

4.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

## Fifth Affirmative Defense

5.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

## Sixth Affirmative Defense

6.      Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

## Seventh Affirmative Defense

7.      Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

## Eighth Affirmative Defense

8.      Defendant denies that Plaintiff is entitled to any of the relief requested.

## Ninth Affirmative Defense

9.      To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

## Tenth Affirmative Defense

10.     To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

## Eleventh Affirmative Defense

11.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

## Twelfth Affirmative Defense

12.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

## Fourteenth Affirmative Defense

14.     Upon information and belief, Defendant states that, by reason of the prior

proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

### Fifteenth Affirmative Defense

15.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

### Sixteenth Affirmative Defense

16.     Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

### Seventeenth Affirmative Defense

17.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

## **Twenty-Third Affirmative Defense**

23.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

## **Twenty-Fourth Affirmative Defense**

24.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.


WHEREFORE, Texas Capital Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Texas Capital Bank, with prejudice;

B.     Finding that Texas Capital Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.      Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Texas Capital Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Texas Capital Bank, or any of its customers, vendors, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Texas Capital Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.      Awarding to Texas Capital Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

## **COUNTERCLAIMS**

Comes now Defendant and Counterclaim-Plaintiff Texas Capital Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.       These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.       This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.       Counterclaim-Plaintiff Texas Capital Bank is a Texas chartered, Federal Reserve non-member bank headquartered at 2000 McKinney Avenue, Dallas, TX 75201.

4.       Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.       On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.       By such actions, Counterclaim-Defendant has created an actual and justiciable case

and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.     Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.    At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the

asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.     Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said

authentication credential to authenticate the identity of said requester."

20.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been

provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)   The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)   U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30.      Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is

further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further

operable to communicate said key string to said authorized user that said requester purports to be";

"wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499

45.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.     Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string"; "determining

transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a

patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

**COUNTERCLAIM COUNT XI**

**Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659**

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     Upon information and belief, at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more

than one year prior to the date of the application thereof in the United States;

(d)  The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g)  Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)  The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)   U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k)  The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.     Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer

readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card

account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a

merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account

identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g)  Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)  The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k)  The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.     Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; and "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Texas Capital Bank demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Texas Capital Bank respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.     Declare that Texas Capital Bank has not infringed upon any of the claims of the Asserted Patents;

B.      Declare that each claim of the Asserted Patents is unpatentable;

C.      Declare that each claim of the Asserted Patents is invalid;

D.      Declare that each claim of the Asserted Patents is unenforceable;

E.      Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Texas Capital Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Texas Capital Bank, or any of its customers, vendors, agents, successors and assigns;

F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Texas Capital Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.      Awarding to Texas Capital Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

/s/ Nick E. Williamson
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX  75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402

David A. Roodman (*pro hac vice*)
Nick E. Williamson (*pro hac vice*)
George G. Brell (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

***Attorneys for Defendant***
***Texas Capital Bank in connection with***
***allegations arising in Case No. 6:21-cv-1057***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: */s/ Nick E. Williamson*
Nick E. Williamson